IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSHUA ADAM WALDRON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00658 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TIM ALLEN, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Joshua Adam Waldron, Pro Se Plainitff.*

Plaintiff Joshua Adam Waldron, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Waldron alleges that he was physically attacked and injured by an inmate who should not have been placed in his cell at the Roanoke City Jail. After review of the complaint, I find that it must be summarily dismissed.

Waldron's allegations are brief:

On the date of June 5th 2015 I was maliciously wounded and rec[ei]ved stitche[s] to my head. The inmate was supposed to have been place[d] in [his] own cell.

Pictures were taken of my forehead by Deputy Warren and I then rec[ei]ved stitches. The inmate who attacked me was violent and wasn't supposed to be there?

(Compl. 2, ECF No. 1.) Waldron filed this action in early December 2015, seeking monetary damages from Deputy Warren and two other jail officials.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Waldron's allegations do not state any actionable constitutional claim against any of the defendants. "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights. The doctrine of respondeat superior has no application" under § 1983. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks and citation omitted). Because Waldron states no facts indicating that any of the defendants acted personally in any way that deprived him of constitutionally protected rights, he states no claim against them. Therefore, I will summarily dismiss the Complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.[1]

---

[1] I do not find that Waldron's current allegations state any claim of constitutional proportions so as to be actionable under § 1983. While prison officials are constitutionally "obligated to take reasonable measures to guarantee inmate safety" against attacks from other inmates, they cannot be liable under § 1983 for failing to prevent such an attack through mere inadvertence or negligence. *Makdessi v. Fields*, 789

A separate Final Order will be entered herewith.

DATED: December 30, 2015

/s/ James P. Jones
United States District Judge

---

F.3d 126, 132 (4th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-35 (1994)). To state a § 1983 claim for a defendant official's alleged failure to protect him, the plaintiff inmate must show that the official knew facts indicating a substantial risk of serious harm, recognized the existence and seriousness of that risk, and failed to respond reasonably to alleviate it. *Id.* at 133-34. The sparse details that Waldron supplies in his complaint simply do not suggest that before Waldron's injuries, any of the defendant officials knew facts indicating that the attacker inmate posed a serious risk of harm to his cell mate.